**In re the Marriage of Joshua D. BUSSERT, Appellant–Defendant,**

v.

**Cheryl K. BUSSERT n/k/a Cheryl K. Turner, Appellee–Plaintiff.**

No. 79A02–9611–CV–703.

Court of Appeals of Indiana.

Feb. 26, 1997.

Transfer Denied July 17, 1997.

Phillip R. Smith, Helmerick Smith & Fountain, Lafayette, for Appellant–Defendant.

Ann G. Davis, Holder Davis & Smith, Lafayette, for Appellee–Plaintiff.

## OPINION

ROBERTSON, Judge.

Joshua D. Bussert [Father] appeals the trial court's denial of his petition to modify (lower) his child support obligation paid to Cheryl K. Turner [Mother]. The sole issue on appeal, which requires that we reverse, may be restated as:

> whether the trial court's statement of reasons sufficiently justifies a substantial deviation from the guideline amount of support.

## FACTS

The facts in the light most favorable to the trial court's judgment are undisputed. Father and Mother are the parents of three children all born between the years of 1982 and 1987. The parents divorced in 1987; Mother was awarded custody of the three children and Father was ordered to pay $60.00 per week in child support. In 1992, the Decree was modified by agreement such that one child was placed in the custody of Father. Although the Indiana Child Support Guidelines indicated that Father's support obligation should only be $40 per week, Father agreed to continue to pay $60.00 per week. The modification order was entered accordingly providing that Father's support obligation would continue at $60.00 per week until further order of the court.

On August 5, 1993, Father petitioned the trial court to modify (lower) his support obligation to that indicated by an application of the guidelines. At that time, the guidelines indicated that neither parent should be required to pay support. Nevertheless, Father's petition was denied.

Father appealed. By memorandum decision filed February 3, 1996, we held that Father had met his burden of establishing the grounds for a modification of child support under Ind.Code 31–1–11.5–17(a)(2) by

demonstrating that the existing child support order deviated from the guideline amount by more than 20% and had been in existence for over a year. Ind. Ct.App. No. 79A05–9508–CV–318). We reversed and remanded "with instructions to the trial court to modify the support order according to the guidelines or state the reasons justifying such a substantial deviation." *Id.*

The trial court attempted to comply with our remand order by entering an order which reads, in pertinent part, as follows:

(A) By order of the trial court dated August 4, 1992 the Husband voluntarily agreed to pay support in the sum of sixty-dollars ($60.00) per week regardless of the fact the child support worksheet submitted by the parties only required the husband to pay the sum of four-dollars ($4.00) per week to the wife for child support.

(B) According to the calculations of the trial court on March 30, 1995 neither party should be obligated to pay support in this case since the Husband has one (1) child in his custody and the Wife has two (2) children in her custody based on the incomes of the parties under the guidelines.

(C) Since the entry of the August 4, 1992, order there has been no showing of changed circumstances so substantial and continuing as to make the terms of that order unreasonable. There has been no change in the custodial arrangements of any of the children nor any substantial change in the incomes of the parties justifying a modification of a support amount voluntarily determined by agreement of the parties. This court declines to speculate as to the nature of the negotiations or to reweigh the reasons giving rise to the agreement of August 4, 1992 wherein the Husband voluntarily agreed to pay support in excess of the guidelines.

Husband filed a motion to correct error asserting that the above order did not comply with our remand instructions. The trial court then entered the following order:

The Court declines to modify child support exercising its discretion deviating from the Indiana Child Support Guidelines pursuant to I.C. 31–1–11.5–17(a) for the reason the parties in this case have divided custody of the minor children with the former husband having possession of one (1) child and band having possession of one (1) child and the former wife having possession of two (2) children. The parties previously agreed to the weekly support amount. This Court exercises its discretion deviating from the guidelines under the facts of this case because of the custodial arrangement of the minor children and the previous support agreement entered by the parties.

This appeal ensued.

## DECISION

■ Child support awards are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved. *McCallister v. McCallister,* 488 N.E.2d 1147, (Ind.Ct.App.1986). The "income shares model" adopted by the Indiana Child Support Guidelines reflects this principle. Ind.Child Supp.Guideline 1 (Commentary).

■ On review of child support orders, the appellate court must disregard issues of weight and credibility and consider only the evidence and reasonable inferences favorable to the judgment. *Kinsey v. Kinsey,* 640 N.E.2d 42, 43–44 (Ind.1994). An award of child support will not be reversed unless it is clearly erroneous. *Id.* A deviation from the Guidelines will be affirmed if it is supported by proper written findings justifying the deviation. *Id.*

In the present case, we summarize the trial court's findings justifying the deviation as follows: 1) the custody arrangement is split with Mother having two children and Father having one, and, 2) Father had previously agreed to pay an amount higher than the guideline amount. We hold that neither of these findings justify the substantial deviation from the guidelines.

■ First, the guidelines provide the method for calculating the child support obligation for split custody arrangements where each parent has custody of one or more children. (Commentary to Guideline 6). In the present case, as indicated by the trial court's finding set out above, the guideline support amounts that each parent would pay the other (if that parent had no children in his or her custody) have canceled each other out. *See id.* Thus, it is axiomatic that the

fact that the parties have adopted a split custody arrangement provides no rational basis for deviating from the guideline amount.

 Second, under the facts of the present case in which Father has custody of a child, that Father had formerly agreed to pay an amount higher than the guideline amount does not justify a deviation.[1] It has long been established that the right to support lies exclusively with the child, and that a parent holds child support payments in trust for the child's benefit. *Straub v. B.M.T. by Todd,* 645 N.E.2d 597, 599 (Ind.1994); *Pickett v. Pickett,* 470 N.E.2d 751, 755 (Ind.Ct. App.1984). Thus, any agreement which purports to contract away a child's right to support is unenforceable as directly contrary to the public policy of protecting the welfare of children. *Id.*

In the present case, Father's support obligation which is higher than the guideline amount leverages Mother's standard of living (along with the children in her custody) at the expense of Father's standard of living (along with the child in his custody). Therefore, the agreement which compromises the standard of living of the child in Father's custody is unenforceable as contrary to public policy. *See id.* Accordingly, that Father had formerly agreed to pay an amount of support higher than the guideline amount similarly does not support the substantial deviation entered in this case.

 As held in our earlier appeal, Father carried his burden of establishing the basis for a modification under I.C. 31–1–11.5–17(a)(2). When the trial court does not adequately comply with a remand order to enter findings justifying its decision, the court on review is reluctant to order another remand. *Scheckel v. State,* 655 N.E.2d 506, 509 (Ind. 1995). In such cases, the reviewing court may enter the appropriate judgment. *See id.* at 511. As there would appear to be no valid basis for deviating from the Indiana Child Support Guidelines, we reverse and remand with instructions that the trial court enter the guideline amount of support retro-

active to the date Father filed his petition, August 5, 1993.

Judgment reversed.

NAJAM and BARTEAU, JJ., concur.

---

1. The present case is distinguishable from *Kinsey,* 640 N.E.2d 42, in which the parent who had formerly agreed to pay an amount higher than the guideline amount had no children in his custody.