Ingram M. HAMITER, Appellant–Petitioner,

v.

Brian K. TORRENCE, Appellee–Respondent.

No. 49A05–9812–JV–605.

Court of Appeals of Indiana.

Oct. 27, 1999.

entire sentence imposed, including the thirty year enhancement.

**4.** Lieberenz's request for oral argument is denied.

Jeffrey A. Modisett, Attorney General of Indiana, Kathryn Janeway, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

## OPINION

ROBB, Judge

Ingram M. Hamiter ("Mother") appeals the trial court's modification of Brian Torrence's ("Father") child support obligation for their child. We reverse and remand, holding that the trial court erred to the extent it reduced the presumptive child support amount in an effort to exclude Father's overtime pay as a component of his child support obligation and in deviating from the presumptive child support amount due to a "windfall."

### Issues

Mother raises two issues for our review, which we restate as follows:

1. Whether the trial court properly determined the amount of Father's gross income for purposes of computing his presumptive child support obligation; and

2. Whether the trial court properly reduced Father's presumptive child support obligation because of a "windfall."

### Facts and Procedural History

Mother and Father are parents of W.H., a child born out-of-wedlock on November 27, 1987. In early 1988, Mother and Father entered into a consent decree that established the paternity of W.H. and ordered Father to pay child support in the amount of $25 per week. Some time later, the parties agreed that Father's child support obligation should be raised to $75 per week.

1. The "Order Settling the Record by Statement of the Evidence When No Report Was Made" was separately bound and filed on

In July 1998, Mother filed a petition to modify support. A hearing was held on this petition; however, the hearing was not recorded. A handwritten entry on the Minutes of the Court dated September 8, 1998, apparently memorialized the judgment of the court following this hearing:

Income [withholding] in effect, [Father] in compliance. Father earning at a rate of Twenty-two Dollars per hour. Mother working parttime [sic]. Guideline support indicates Two Hundred Eighteen Dollars per week. Court orders support at One Hundred Fifty Dollars per week via Income [withholding] for the reason that Guideline support constitutes a windfall, is determined by or in part by reliance on overtime, [without] a showing of the continuity thereof. Prosecutor's objection made [and] noted. . . .

R. 10.

After commencing this appeal, Mother moved to settle the record pursuant to Indiana Appellate Rule 7.2(A)(3)(c), which provides for a statement of the evidence to be prepared by a party when the proceedings are not recorded or when a transcript is not available. Accordingly, the trial court signed an order that the following statement of evidence was to become a part of the trial record:

1. [Father] agreed that the average weekly income amount shown on the Child Support Worksheet was averaged over the preceeding [sic] year and included consistent overtime pay that would continue to be consistently available in the future.

2. [Father] did not request or seek a deviation from application of the Child Support Guidelines, but the State offered and [Father] accepted credit for visitation.

Supp. R. 1.[1] Mother appeals the trial court's reduction of Father's child support obligation from the presumptive amount.

May 14, 1999, as a supplemental record pursuant to an order of this court.

## *Discussion and Decision*

### I.   Standard of Review

■ We begin by noting that Father has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of controverting arguments advanced for reversal. *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind.Ct.App.1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985).

■ In reviewing orders modifying child support, we consider only the evidence and reasonable inferences favorable to the judgment. *Kinsey v. Kinsey*, 640 N.E.2d 42, 43–44 (Ind.1994). The modification will not be set aside unless it is clearly erroneous, giving due regard to the trial court's opportunity to judge the credibility of the witnesses. *Id.* at 44. Reversal of a child support order which deviates from the presumptive Guideline amount is appropriate only where the trial court's determination is clearly against the logic and effect of the facts and circumstances before the court. *Id.* at 43.

### II.   Father's Overtime as a Component of Weekly Gross Income

■ In determining the presumptive child support amount, the Child Support Guidelines begin with the parties' weekly gross income figures. The Guidelines define "weekly gross income" to include "income from any source...." Child Supp. G. 3(A). However, the commentary to Guideline 3(A) states that although overtime is includable in a parent's weekly gross income figure, it is very fact-sensitive and thus, when a court determines that it is not appropriate to include irregular income in the weekly gross income figure used to determine the child support amount, it should express its reasons. *See Carter by Carter v. Morrow*, 563 N.E.2d 183, 186 (Ind.Ct.App.1990) (stating that, in making the determination that father's overtime pay should not be included in his weekly gross income figure because of future uncertainty, the trial judge complied exactly with the requirement of Child Supp. R. 3 that trial courts articulate the reasons for their decision).

■ Although couched in the "Minutes of the Court" entry as a deviation from the presumptive Guideline child support amount, exclusion of Father's overtime actually goes to the issue of determining his weekly gross income. If the continuity of Father's overtime was uncertain, as stated in the "Minutes of the Court" entry, then it should not have been included in his weekly gross income figure. Thus, exclusion of overtime is not a deviation from the presumptive Guideline child support amount because the overtime is a component of the calculation in arriving *at* support; not a variance from an amount already determined.

The Guidelines provide for a child support worksheet to be completed and filed with the trial court, signed by the parties and supported by documentation. Child Supp. G. 3(B). If the parties cannot agree on the weekly gross income figures to be included on the worksheet, then each party may submit their own worksheet and documentation, from which the trial court can determine the parties' respective weekly gross incomes and compute the appropriate child support amount. Commentary to Child Supp. G. 3(B). Each party bears the burden of justifying the incomes used in his or her own worksheet.

In this case, a single child support obligation worksheet was signed and filed jointly by the parties. R. 64. Father's weekly gross income figure was shown to be $1,387 on average. Father's signature on the worksheet "affirm[s] under penalties for perjury that the foregoing representations are true." R. 64. This figure included overtime pay which Father agreed would continue to be consistently

available in the future. Supp. R. 1. Thus, there was evidence before the trial court that Father earned consistent overtime pay which should be included in the weekly gross income figure used to determine his child support obligation. There was no conflicting evidence with regard to the overtime. *See Dye v. Young,* 655 N.E.2d 549, 550 (Ind.Ct.App.1995) (stating that because father failed to file his own child support worksheet or to provide the court with a figure he claimed to be his weekly gross income, the trial court was well within its discretion to adopt the figures supplied by mother in determining child support). Thus, the trial court's determination that Father's overtime was not shown to be consistent and should be excluded is clearly erroneous. Mother met her burden of showing that Father's overtime pay should be included in the calculation of child support.

### III. Presumptive Child Support as a "Windfall"

■ Indiana Child Support Rule 2 states that in a proceeding for child support, "there shall be a rebuttable presumption that the amount of the award which would result from the application of the [Guidelines] is the correct amount of child support to be awarded." Child support awards under the Guidelines are designed to provide the children as closely as possible with the same standard of living they would have enjoyed had the marriage not been dissolved. *Bussert v. Bussert,* 677 N.E.2d 68, 70 (Ind.Ct.App.1997), *trans. denied.* The "income shares model" adopted by the Indiana Child Support Guidelines reflects this principle. Commentary to Child Supp. Guideline 1. The income shares model set forth in the Guidelines apportions the cost of children between the parents in proportion to each parent's weekly available income. *Jendreas v. Jendreas,* 664 N.E.2d 367, 372 (Ind.Ct.App. 1996), *trans. denied.*

■ If the trial court determines that ordering the Guideline amount of child support would be unjust or inappropriate, the court must set forth a written finding stating the factual basis for the deviation. Commentary to Guideline 3(F); *Skalon v. Skalon–Gayer,* 695 N.E.2d 953, 955 (Ind.Ct.App.1997). In this case, the trial court merely stated that ordering child support in the Guideline amount would constitute a "windfall." However, neither the evidence nor the judgment shed light on the exact nature of the alleged windfall.[2] As previously noted, the Guidelines attempt to provide children with the same portion of parental income after a dissolution that they would have enjoyed had the family remained intact. *In re the Marriage of Lang,* 668 N.E.2d 285, 289 (Ind.Ct.App.1996). The right to support lies exclusively with the child, and a parent merely holds child support payments in trust for the benefit of the child. *Bussert,* 677 N.E.2d at 71. Thus, ordering child support in an amount determined through proper application of the Guidelines cannot constitute a windfall to the child or to a parent.

■ Moreover, a party seeking deviation from the Guidelines must overcome the presumption that Guideline support is correct by showing that the application of the Guidelines would be unjust or inappropriate. *Crowley v. Crowley,* 708 N.E.2d 42, 56 (Ind.Ct.App.1999). The agreed statement of the evidence indicates that Father did not seek any deviation from the presumptive amount other than the standard deviation for visitation. Thus, there was no evidence before the court that

**2.** It is possible, though by no means clear, that the trial court believed including Father's overtime pay as a component of the child support calculation represented a windfall. This would be error for two reasons: one, we have already determined that the overtime was properly included in the computation; and two, the issue of overtime goes to the proper weekly gross income figure and not the bottom-line child support amount. That is to say, subtracting overtime pay from the child support amount rather than the weekly gross income figure disproportionately reduces the child support obligation.

Guideline support was unjust. We are, therefore, left with the firm conviction that a mistake has been made in this case and that the trial court's decision was clearly against the logic and effect of the facts and circumstances before it.

*Conclusion*

There was sufficient evidence to include Father's overtime pay in his weekly gross income figure used to calculate the presumptive Guideline child support amount. The trial court erred in deviating from the presumptive amount due to an alleged "windfall." We therefore reverse and remand with instructions for the trial court to enter a child support order consistent with this opinion.

Reversed and remanded.

RILEY, J., concurs.

FRIEDLANDER, J., concurs in result and files separate opinion.

FRIEDLANDER, Judge, concurring in result

I concur in the result reached by the majority, but I write separately because I find the discussion regarding whether the overtime pay should be included in Torrence's weekly gross income unnecessary. The trial court's entry memorializing the judgment commenced with a determination of Torrence's salary that included the overtime pay. The court then explicitly recognized the appropriate Indiana Child Support Guidelines (Guidelines) amount based upon inclusion of the overtime pay. In short, the evidence in the settled record and the entry memorializing the judgment demonstrate that the overtime pay was included by the court. Torrence did not present evidence that the overtime pay was inconsistent or undependable, and Torrence did not file a brief on appeal to question inclusion of the overtime pay. In

fact, as noted by the majority, the only evidence in the settled record discloses that the overtime pay was included on the Child Support Worksheet,[3] and that the overtime pay was consistent and "would continue to be consistently available in the future." *Supplemental Record* at 1. Thus, our discussion of the deviation from the Guidelines amount is dispositive.

The court's error occurred when it deviated from the Guidelines amount it recognized as appropriate by stating:

Court orders support at One Hundred Fifty Dollars per week via Income w/hldg for the reason that Guideline support constitutes a windfall, is determined by or in part by reliance on overtime, w/o a showing of the continuity thereof.

*Record* at 10. "In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded." Ind. Child Support Rule 2; *Matter of Paternity of A.D.W.*, 693 N.E.2d 576, 579 (Ind.Ct.App. 1998) (quoting the rule). A parent seeking a deviation from the Guidelines amount must demonstrate that the presumptive amount is unjust or inappropriate under the circumstances. *Matter of Paternity of A.D.W.*, 693 N.E.2d 576.

The statement of the evidence leads to only one conclusion: Torrence did not seek a deviation from the Guidelines amount and he agreed to the inclusion of the overtime pay in his average weekly income. As noted by the majority, ordering child support in accordance with the Guidelines amount cannot constitute a windfall to the child or to a parent.

I would reverse the judgment because the only evidence in the record leads plainly to a conclusion that the trial court erred

---

**3.** The trial court's entry memorializing the judgment also ordered Torrence to sign the worksheet.

by deviating from the amount it calculated as the Guidelines amount. I do not believe that we should delve into the inclusion of the overtime pay.