Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**ANDREA L. CIOBANU**
Massaro & Ciobanu, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.F., | ) |
| | ) |
| Appellant, | ) |
| | ) |
| vs. | ) No. 29A02-1101-DR-59 |
| | ) |
| J.F., | ) |
| | ) |
| Appellee. | ) |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-0804-DR-434

**May 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

A.F. ("Mother") appeals the denial of a motion to correct error, which challenged a child support order and property division in the dissolution of her marriage to J.F. ("Father"). We affirm.

**Issues**

Mother presents four issues for review, which we re-order and restate as follows:

I.  Whether the dissolution court abused its discretion by crediting Social Security payments for the benefit of the parties' children against Father's child support obligation for thirty weeks of 2008;

II.  Whether the dissolution court abused its discretion by ordering that each parent receive an equal share of future Social Security payments for the children's benefit;

III.  Whether the dissolution court erroneously failed to credit Mother's post-separation mortgage payments that reduced principal; and

IV.  Whether the dissolution court abused its discretion by refusing to award Mother attorney's fees to redress Father's contempt of court.

**Facts and Procedural History**

The parties were married on November 6, 1993, and subsequently had two children. Both parents are deaf; Father is also blind in one eye and has photosensitivity in the other eye. Although Father has been employed as a teacher in the past, he is no longer able to work and receives Social Security disability benefits. Mother is employed part-time as a substitute teacher at the Indiana School for the Deaf and is a contract employee of Indiana University-Purdue University at Indianapolis. She also receives Social Security disability benefits.

Either parent was entitled to apply for Social Security benefits for the support of their children but duplication of benefits was not allowed. Having determined that the amount of the payment would be larger if application for benefits was made under Father's account, the

2

parents chose this option. Accordingly, each of the two children receives $890 per month from Social Security, for an aggregate amount of $1,780. Father was initially designated as the representative payee to receive the benefits for the children.

The parents separated in November of 2007 and, on January 25, 2008, Father filed a petition to dissolve the marriage. During the separation, Mother had primary physical custody of the children. She remained in the marital residence, making payments on the first mortgage; Father made payments on the second mortgage. In the early months of the separation, Father made deposits into a joint checking account. Later, Father failed to make any deposits for a five-month period of time. The dissolution court ordered Father to facilitate Mother's appointment as representative payee, and this was accomplished after a one or two-month delay.

On March 31, 2010, the parties came before the dissolution court for a final hearing. They filed a stipulation as to the value of the marital estate,[1] their respective incomes available for the calculation of child support, and the propriety of joint legal custody. They disagreed as to whether the split of physical custody should be equal (as one custody evaluator recommended) or nearly-equal (as the other custody evaluator recommended).

Finally, they disagreed as to the division of the children's $1,780 monthly Social Security benefits. Father proposed an equal division, with each parent paying controlled expenses for one child and dividing extracurricular expenses 70/30 (with Father paying the larger share). Mother proposed that she remain the representative payee and receive the

---

[1] They did not stipulate as to the exact distribution.

3

entirety of the Social Security funds. She further proposed that she pay all controlled expenses for both children (to include medical, clothing, books, and extracurricular activities) and tender to Father $372 monthly to offset ongoing expenses such as food during his parenting time.

By the time of the final hearing, each party had filed motions for contempt. Father alleged that Mother had interfered with parenting time; Mother alleged that Father had been uncooperative in discovery and had contemptuously withheld Social Security funds. During the separation, Mother had reported to the Social Security Administration the alleged wrongful retention of the children's benefits.

On August 31, 2010, the trial court issued its order dissolving the parties' marriage and awarding joint legal and physical custody of the children, with each parent having equal time. The marital estate was valued in accordance with the parties' stipulation and then divided in equal shares. The dissolution court ordered that Mother was to be the representative payee for the benefits of one child, and Father was to be the representative payee for the other child's benefits. The court calculated Father's child support obligation to be $106.78 but determined that it was offset by $890 in Social Security benefits for which Mother would be representative payee.

The parents were conditionally ordered to split the cost of private insurance equally, if the children were found to be unqualified for Hoosier Healthwise coverage. Mother was ordered to pay the first 6% of uninsured medical expenses, and the excess medical expenses and agreed-upon extracurricular activity expenses were to be payable 70% by Father and

4

30% by Mother.

The dissolution court had reserved for the final hearing a determination of child support for January 25, 2008 through September 29, 2008, a period of thirty weeks. The court calculated Father's child support obligation to be $159.30 weekly, providing for an arrearage of $4,779. The court also found that Mother was entitled to reimbursement of expenses totaling $3,599.11. Father was given credit for some cash payments to Mother and for Mother's retention of three income tax refunds. Ultimately, the court found that Father owed Mother $3,382.46 in child support for the thirty weeks, an amount that was "far exceeded" by the children's Social Security benefits Mother had received. (App. 46.)

Finally, the dissolution court denied Mother's request for $1,984 in attorney's fees. The court made no finding of contempt and ordered that each party be responsible for his or her respective attorney's fees.

Mother filed a motion to correct error for the dual purposes of alleging error and asserting the existence of newly discovered evidence. She claimed that the child support order had effectively given Father a windfall, as he was to receive one-half the children's Social Security benefits but was not subject to a specific order to pay controlled expenses for one child. She also argued that she was entitled to child support arrearage, a more favorable allocation of responsibility for health insurance premiums, credit for payments that reduced the mortgage principal on the marital residence, credit for post-hearing replacement of a water heater,[2] and attorney's fees by reason of Father's contemptuous behavior.

---

[2] The request for a contribution toward the water heater replacement was orally withdrawn at the hearing.

Mother submitted a revised child support obligation worksheet (listing her income as $399 weekly, as stipulated at the final hearing, but listing Father's income as $1,344.65, as opposed to the stipulated amount of $930). In support of her claim of newly discovered evidence, Mother submitted an affidavit. Therein, she averred that she had applied for and received Hoosier Healthwise benefits on behalf of the children, at a cost of $70 monthly. She also averred that she had been notified by the Social Security Administration that a final determination had been made regarding Father's retention of Social Security funds between January and September of 2008. According to Mother's affidavit, Father was found to have misused funds and had been denied the right to serve as a representative payee for the children.

On November 24, 2010, the dissolution court conduced a hearing upon the allegations of Mother's motion to correct error. Mother's counsel argued that Mother had been implicitly ordered to pay all controlled expenses, that the omission of an order to pay child support arrearage was inconsistent with a Social Security mandate that the children's funds be used for the benefit of the children, that the value of the marital residence had not been adjusted to take into account principal payments made by mother after the filing of the dissolution petition and that Father's 2008 failure to pay child support should result in a finding of contempt and his payment of attorney's fees.

Father's counsel conceded that the trial court could not order the Social Security Administration to select a party as representative payee and thus the provision of the dissolution decree providing for multiple representative payees was unenforceable.

6

However, Father requested that Mother be ordered to tender to him one-half of the benefits for which she was representative payee. With respect to benefits received by Father in 2008 while Mother had physical custody of the children, Father's counsel advised the court of her understanding that the Social Security Administration was requiring Father to repay $7,800, which would ultimately be tendered to Mother. She also reminded the dissolution court that the parties had stipulated to the equity of the marital residence (using the balances of the first and second mortgages at the time of filing). No testimony was presented at the hearing.

On December 30, 2010, the dissolution court issued its order on motion to correct error. The dissolution decree was modified to eliminate language suggesting that the court could issue an order binding upon the Social Security Administration. Reaffirming its intention that Mother divide the children's Social Security benefits with Father, the court ordered: "[Mother] shall take all steps reasonably required by the Social Security Administration to cause a transfer to [Father] of Representative Payee status for [D.F.]'s benefits." (App. 92.)

With regard to Mother's contention that Father should pay attorney's fees as a sanction for his contempt of court, the order stated:

> The Court finds that the Petitioner is in contempt of Court for failure to comply with the terms of the preliminary order herein. The Court notes that the Respondent has sought redress for a portion of these issues through the Social Security Administration and that the Petitioner may be assessed heavy penalties under those regulations. Therefore while the Court finds the Petitioner has violated the terms and conditions of the preliminary order, the Court declines to punish the Petitioner for said contempt.

7

(App. 93.)  The court's written order did not otherwise amend the dissolution decree.[3]

Mother filed a notice of appeal accompanied by a "Verified Motion to Include Additional Documentation on the Record for Appeal." (Tr. 97.)  On July 27, 2011, the dissolution court issued its order denying Mother permission to supplement the record with documents acquired post-hearing.  This appeal ensued.

## Discussion and Decision

### Standard of Review

A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error.  Williamson v. Williamson, 825 N.E.2d 33, 44 (Ind. Ct. App. 2005).  Furthermore, decisions regarding child support generally fall within the sound discretion of the trial court.  Quinn v. Threlkel, 858 N.E.2d 665, 670 (Ind. Ct. App. 2006).  An abuse of discretion occurs if the trial court's decision is against the logic and effect of the facts and circumstances before the court or if the court has misapplied the law.  Walker v. Kelley, 819 N.E.2d 832, 836 (Ind. Ct. App. 2004).  Furthermore, our Indiana Supreme Court has clarified that "[a] trial court's calculation of child support is presumptively valid … [and] we will reverse a trial court's decision in child support matters only if it is clearly erroneous or contrary to law."  Young v. Young, 891 N.E.2d 1045, 1047 (Ind. 2008).

We note that Father has failed to file an appellee's brief.  When the appellee fails to

---

[3] However, the trial court had orally clarified that the court's intent was that Mother and Father each pay controlled expenses for one child and split health insurance costs equally.  Accordingly, the dissolution decree, as amended, should be construed to provide that Mother may deduct one-half the cost of Hoosier Healthwise premiums, currently $70 per month, before tendering to Father the $890 benefit received on behalf of one of the children.  Also, the requirement that Mother pay the first 6% of uninsured health expenses is incompatible with the equal division of the children's Social Security payments and the children's expenses.  Father has not contested the provision that he pay 70% of agreed-upon extra-curricular activities.

8

submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. Hamiter v. Torrence, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. Id. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." Id. Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Mikel v. Johnston, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

## I. Father's 2008 Child Support Obligation

The parties were separated for two and one-half years during which Mother had primary physical custody of the children. During the majority of that time, Mother received the children's Social Security benefits; Father received those benefits for several months without tendering them to Mother. The preliminary order did not require Father to pay a specific amount of child support; rather, the dissolution court decided that the determination of Father's child support obligation for the relevant thirty-week period in 2008 would be made after evidence was received at the final hearing.

Ultimately, the dissolution court determined that Father's child support obligation for the time period was $4,779, yet he was entitled to credit for the children's Social Security benefits Mother had received. Finding that Mother had received approximately $22,000 gratuitously, the court declined to order Father to pay child support arrearage. Mother insists that this is erroneous because "the Social Security benefits are not child support and should not constitute payments toward [Father's] child support arrearage and current child support

9

payments." Appellant's Brief at 22.

While it may be true that Social Security benefits are not child support per se, they are substantially similar in that they are payments made to assist a disabled parent to meet the needs of his or her dependents. Like child support payments, they are intended solely for the benefit of the child. However, our Guidelines clearly provide for credit to a noncustodial parent:

> Social Security benefits received by a custodial parent, as representative payee of the child, based upon the earnings or disability of the noncustodial parent shall be considered as a credit to satisfy the noncustodial parent's child support obligation as follows: . . .
> ii. Social Security Disability benefits shall be included in the Weekly Gross Income of the noncustodial parent and applied as a credit to the noncustodial parent's current child support obligation. The credit is automatic.
> iii. Any portion of the benefit that exceeds the child support obligation shall be considered a gratuity for the benefit of the child(ren), unless there is an arrearage.

Child Supp. G.3(G)(5)(a). Additionally, subsection (b)(2) provides, "The amount of the benefit which exceeds the child support order may be treated as an ongoing credit toward an existing arrearage."

Here, the dissolution court followed the Guidelines in offsetting Father's child support obligation by Social Security benefits received by Mother during the time she had physical custody of the children. Mother has demonstrated no abuse of discretion in this regard.

## II. Current Child Support

Mother contends that the order providing that she and Father each receive one-half of their children's Social Security benefits is clearly erroneous because, first, a state court cannot bind the Social Security Administration to follow its order and, second, Father is

receiving a windfall because she pays controlled expenses and he has greater personal income.

The dissolution court, upon motion to correct error, expressed concern that a portion of the dissolution decree could be construed as ultra vires and modified the language to order action on the part of Mother and not the Social Security Administration. Mother was to use her best efforts to secure Father's appointment as an additional representative payee. However, it appears from argument of counsel at the motion to correct error hearing (and Father's apparent concession) that Father is no longer considered a qualified individual to act as representative payee.

Nonetheless, the import of the dissolution court's order is clear: Mother and Father are each to retain one-half of the funds received from Social Security for the use and benefit of the Children, that is, $890 monthly. This need not involve multiple designations of representative payees or a direct assignment of Social Security benefits. As for Mother's contention that she has effectively been ordered to pay all "controlled expenses" for both children, we disagree. The language of the dissolution decree does not specify such, and the dissolution court explained at the hearing on motion to correct error that the intent of the decree was that each parent should pay controlled expenses for one child. With an equal division of parenting time, presumably each parent will encounter substantially one-half the controlled expenses.

We next consider whether Father has indeed received a windfall. Mother and Father are now each a disabled and custodial parent; they share their parenting time equally. Mother

readily concedes that the Guidelines do not specifically address this particular situation. Neither the trial court nor this court could derive a presumptive child support award by application of the precise mathematical computations provided for in the Guidelines. Nonetheless, we recognize that the Guidelines have as an objective that the children benefit from the resources available to both parents, as would have happened in an intact family. "The Income Shares Model is predicated on the concept that the child should receive the same proportion of parental income that he or she would have received if the parents lived together." Guideline 1.

Here, as would have occurred in an intact family, each parent has equal opportunity and duty to make ongoing expenditures for the benefit of the children. Each parent has a disability and requires assistance meeting the needs of his or her dependents. Accordingly, it is equitable that each parent must have access to the resource provided by the Social Security payments to satisfy the childrearing expenses.

The point of contention then becomes whether the access to Social Security funds should be equal, or whether Mother should retain a somewhat larger share because she has lesser personal income than does Father. The dissolution court calculated a current child support obligation on Father's part, but then applied a credit to fully extinguish any obligation to make a payment, by treating Father as a disabled, noncustodial parent. As previously observed, this does not accurately reflect the precise circumstances of the parties, as both are custodial and disabled.

Although the Guideline formula of calculating a noncustodial parent's support and

applying credit for Social Security benefits is not entirely workable here, the rationale of the underlying Income Shares model is instructive. Given that children should have access to income of their parents as if the family had remained intact, which contemplates proportionality, we look to the actual resources available. We reject the notion that, where both parents are disabled and need help meeting their obligations, only one parent's income should be inflated with the inclusion of all Social Security benefits for their children.

This family unit receives Social Security benefits for two children, which are to be distributed so as to directly benefit the children. As such, the funds follow the child. Thus, in this equal parenting time arrangement, each parent receives equal funds and disburses funds for controlled expenses of one child. Each parent must pay one-half of the cost of health care premiums and uninsured medical expenses.

The remaining inquiry becomes one of a proper allocation of resources from the higher-income parent. Although Mother has insisted that Father has much greater income, this is only so if one allocates to him the children's Social Security benefits, the Guidelines approach that would be taken if the Guidelines applied.

However, Father's actual personal income is his $1,682 monthly disability income ($388 per week). Father is no longer able to work. Mother's personal income is approximately $399 per week ($196 weekly disability payments and the balance from her employment).[4] Unlike Father, Mother is not completely disabled from employment. She

---

[4] Although Mother stipulated to income of $399 weekly, her income may actually be slightly less. It appears that, in each case, the parent's monthly disability income was divided by a factor of 4, as opposed to 4.3, to convert a monthly income to a weekly income.

holds part-time employment now and testified that she was investigating full-time employment.

Given the facts and circumstances before the trial court, including the evidence that there is minimal personal income disparity and Mother has greater earnings potential, the trial court's order is not clearly erroneous. Pursuant to the dissolution decree, as clarified by the trial court at the hearing on motion to correct error, Mother is to tender $890 monthly to Father but is entitled to deduct one-half the cost of Hoosier Healthwise premiums. Each parent is to pay controlled expenses for one child.

### III. Mortgage Payments

During the parties' separation, Mother remained in the marital residence. Mother claims that she should have received credit for payments made by her that reduced the mortgage loan principal to $130,742.36 (as of the date she vacated the marital residence).

Mother and Father jointly submitted a stipulation regarding the value of their assets available for division. The stipulation fixed the balance of the first mortgage at $137,920.74, that existing when the dissolution decree was filed. At the hearing on motion to correct error, the dissolution court explained that it had accepted the parties' stipulation and had not deviated either on the basis of first mortgage payments by Mother or second mortgage payments by Father.

Generally, a dissolution court may, when valuing a marital asset, select a date between the filing of the dissolution petition and the date of the hearing. Eyler v. Eyler, 492 N.E.2d 1071, 1074 (Ind. 1986). Here, the parties selected a valuation date, that of the date of filing

14

the dissolution petition. The election contemplated no further reductions in principal nor assigned any rental value to the property. Mother now may not complain of alleged error that she has invited. See Balicki v. Balicki, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005) (observing that the doctrine of invited error is grounded in estoppel and prevents a party from taking advantage of error he or she commits, invites or is the natural consequence of his or her own negligence or misconduct), trans. denied.

## IV. Attorney's Fees

Finally, Mother argues that the dissolution court abused its discretion by refusing to order Father to pay $1,984 of her attorney's fees. Pursuant to Indiana Code Section 31-16-11-1, a trial court has broad discretion to impose attorney's fees on either parent. Thompson v. Thompson, 868 N.E.2d 862, 870 (Ind. Ct. App. 2007). We will affirm the order unless the trial court has abused its discretion. Id.

The trial court may properly consider the respective resources of the parties, their financial earning abilities, and "any other factors that bear on the reasonableness of the award." Id. Moreover, the trial court may consider any misconduct that necessitated additional legal expenses for the other party. Id.

At the hearing on motion to correct error, the dissolution court explained the rationale underlying its refusal to order Father to pay a portion of Mother's attorney's fees. The court observed that each party had disregarded the court's orders at times, by all accounts the Social Security Administration was taking action against Father for retaining 2008 benefits, and Mother had received, during the separation, approximately $22,000 more in Social

Security benefits than Father's child support obligation. Under these circumstances, we find no abuse of the court's discretion.

## Conclusion

The dissolution court did not abuse its discretion by refusing to order Father to pay a child support arrearage or a portion of Mother's attorney's fees. Mother has failed to demonstrate error in the valuation or division of the marital estate. The child support order providing that the children's Social Security benefits are equally divisible is not clear error. The decree, as modified, shall be construed such that each parent pays controlled expenses for one child. Having substantially equal resources, each parent pays one-half of medical insurance premiums and uninsured medical expenses.

Affirmed.

ROBB, C.J., and MATHIAS, J., concur.