## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 28 2015, 10:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald E. Wertheimer
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jon A. Zima,<br>*Appellant,*<br><br>v.<br><br>Eric A. Kazmierzak,<br>*Appellee* | September 28, 2015<br><br>Court of Appeals Case No.<br>71A04-1502-PL-71<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Michael G.<br>Gotsch, Sr. Judge<br><br>Trial Court Cause No.<br>71C01-1402-PL-39 |

**Bailey, Judge.**

## Case Summary

[1] Jon Zima ("Zima") appeals the denial of his motion to correct error, which challenged an order for damages and attorney's fees entered upon forfeiture for

the breach of a land sales contract between Zima, his then-wife Deanna Zima (collectively, "the Zimas"),[1] and vendor Eric Kazmierzak ("Kazmierzak"). He presents the sole, consolidated issue of whether the trial court erred in ordering him to pay damages and attorney's fees in addition to the forfeiture judgment. We reverse and remand.

## Facts and Procedural History

On July 28, 2011, the Zimas executed a Contract for Deed to purchase property on Third Street in Mishawaka from Kazmierzak for $97,000.00 ("the contract"). The Zimas paid $1,700.00 to Kazmierzak. They also agreed to pay $800.00 monthly installments, plus taxes and insurance, ending with a balloon payment of all remaining principal and interest on July 28, 2014. The contract provided that, in the event of default, the non-defaulting party could elect to cancel the contract if the default was not cured within thirty days after written notice was given.

On February 27, 2014, Kazmierzak filed a Complaint for Immediate Possession and Damages ("the complaint"). Therein, he alleged that the Zimas had failed to make monthly installment payments after November 2013 and had not properly insured the premises. The complaint sought $3,600.00 in back payments and "immediate possession of the subject premises, per diem

---

[1] Deanna Zima is not an active party to this appeal.

damages at the rate of $26.30, damages for waste, the costs of this action and attorney's fees." (App. at 7.)

[4] On June 10, 2014, Kazmierzak filed a "Motion for Summary Proceedings." (App. at 16.) Kazmierzak's motion stated that the trial court had granted a motion for immediate possession and had entered a prejudgment order of possession of real estate on March 18, 2014. It was further alleged that the date of surrender had been twice extended by the trial court, but the Zimas had not filed an answer to the complaint and were "subject to judgment by default." (App. at 16.) In separate motions, the Zimas filed objections. On June 13, 2014, the trial court granted the motion in part, apparently treating the motion as one for default judgment, and scheduled a hearing on damages.

[5] On July 18, 2014, the parties appeared for a hearing on damages. On October 29, 2014, the trial court awarded Kazmierzak $5,100.00 for unpaid monthly installment payments, $642.64 in unpaid property taxes, $349.00 for unpaid insurance, $49.34 in postage expenses, and $2,925.00 in attorney's fees. Zima filed a motion to correct error, which was deemed denied. He now appeals.

# Discussion and Decision

[6] Zima asserts that he was relieved of all future liability under the land contract because the contract was forfeited and Kazmierzak retained all payments that had been made. Zima concedes that a vendor would arguably be entitled to compensation for waste or to recover the fair rental value of the premises from a

purchaser remaining in possession,[2] but claims that he personally abandoned the premises in July of 2012 when he separated from his wife.[3]

[7]     A review of a damages award is limited. *Hooker v. Norbu*, 899 N.E.2d 655, 658 (Ind. Ct. App. 2008). We do not reweigh the evidence nor judge the credibility of witnesses, and we will reverse an award only when it is not within the scope of the evidence before the factfinder. *Id.* However, we review questions of law de novo. *Id.*

[8]     At the outset, we note that Kazmierzak has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Mikel v. Johnston*, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

[9]     In *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973), our supreme court held that in all but a few specific instances, the proper relief to be granted a

---

[2] *See Reynolds v. Milford*, 176 Ind. Ct. App. 336, 341, 375 N.E.2d 265, 269 (1978) (measure of damages for unlawful detention is the fair rental value and includes period of time after vendor declared a forfeiture by filing the complaint up to vacation of the premises).

[3] He apparently continued to make payments for some time thereafter pursuant to a dissolution court order.

vendor upon the vendee's material breach of a land sale contract is a judgment of foreclosure pursuant to Indiana Trial Rule 69(C). Based upon the limited record before us, it appears that the trial court found the Zimas breached the land sales contract, and forfeiture rather than foreclosure was the appropriate remedy for the breach.[4] Forfeiture divests property without compensation; in other words, forfeiture terminates an existing contract without restitution. *Hooker*, 899 N.E.2d at 658. A vendor who has obtained the remedy of forfeiture may cancel the contract, retain the payments made, retain the real estate, and recoup actual damages sustained as a result of the transaction. *Id.* at 659.

[10] Forfeiture may be considered an appropriate remedy in limited circumstances, that is, (1) an abandoning or absconding vendee or (2) where the vendee has paid a minimal amount and the vendor's security interest in the property has been jeopardized by the acts or omissions of the vendee. *McLemore v. McLemore*, 827 N.E.2d 1135, 1140 (Ind. Ct. App. 2005). Zima does not challenge the finding of breach or the type of remedy granted by the trial court.

[11] In contesting the damages award, Zima directs our attention to *Powers v. Ford*, 415 N.E.2d 734, 737 (Ind. Ct. App. 1981), wherein a panel of this Court reiterated the general rule, "one may not forfeit a contract and thereafter expect to enforce it." Accordingly, once a land contract seller has taken possession of

---

[4] The Zimas agreed to pay $97,000.00 for the subject property, apparently without obtaining an appraisal. Deanna Zima testified that other properties "in the area" were worth "around $70,000." (Tr. at 74.) In any event, the Zimas did not claim to have any equity, that is, "an amount by which the value of the property exceeds the liens and charges against it." *Huber v. Sering*, 867 N.E.2d 698, 705 (Ind. Ct. App. 2007).

the subject property pursuant to a forfeiture, he has elected his remedy and is no longer entitled to seek foreclosure and a deficiency judgment. *Id.* at 737.

[12] Kazmierzak did not obtain a deficiency judgment for the unpaid principal. However, the order for "unpaid monthly installment payments, property taxes, insurance, postage, and attorney fees" holds Zima liable on the same contract forfeited. (App. at 5.) Zima has shown prima facie error in this regard. Kazmierzak is not entitled to enforce the contract; rather, his entitlement is to retain the payments made by the Zimas, retain the real estate, and recoup "any actual damages he sustained as a result of the transaction." *Hooker*, 899 N.E.2d at 659.

# Conclusion

[13] We reverse the order for damages and remand for the trial court's consideration of the evidence of actual damages to include fair market value incurred by Kazmierzak.

[14] Reversed and remanded.

Baker, J., and Mathias, J., concur.