## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 29 2016, 5:40 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Anthony Fisher
Pendleton, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony Fisher, *Appellant-Plaintiff,* | January 29, 2016 |
| v. | Court of Appeals Case No. 56A03-1508-SC-1142 |
| | Appeal from the Newton County Circuit Court |
| Thomas VanVleet and Dustin Gary, *Appellees-Defendants* | The Honorable Jeryl F. Leach, Judge |
| | Trial Court Cause No. 56C01-1501-SC-6 |

**Bailey, Judge.**

# Case Summary

Pro se Appellant-Plaintiff Anthony Fisher ("Fisher") appeals a small claims judgment in favor of Appellees-Defendants Thomas VanVleet and Dustin Gary upon Fisher's replevin claim. We affirm.

# Issues

Fisher presents two issues for review, which we restate as the following issues:

I.   Whether the claim was improperly dismissed because Fisher's Third Request for Extension of Time was deemed to be untimely filed; and

II.  Whether he was entitled to a third continuance of the small claims proceedings.

# Facts and Procedural History

In January of 2009, Fisher and James Daher ("Daher") were arrested in St. Joseph County, Indiana, after having escaped imprisonment in Newton County, Indiana. Incident to the arrests, Newton County Sheriff's Sergeant Dustin Gary ("Sergeant Gary") recovered two cell phones and $7,000.00 in cash. On January 26, 2015, Fisher filed a small claim against Sergeant Gary and Sheriff Thomas VanVleet for replevin of $6,000.00, the limit of small claims jurisdiction.

On February 9, 2015, Fisher – who remained incarcerated – filed a motion in the small claims court seeking approval for a trial by affidavit or electronic or

telephonic means. The small claims court ordered that the matter proceed by affidavit. Fisher was ordered to submit evidence to the small claims court by February 24, 2015, but was granted leave to file additional materials responsive to the defendants' submissions, up until March 10, 2015.

[5] On February 23, 2015, Fisher filed his "submission of evidence" in the small claims court. (App. at 2.) On February 26, 2015, the defendants filed a joint submission of evidence. A "summary" signed by Sergeant Gary stated that a check for $7,000.00 had been issued to Daher. (App. at 20.)

[6] On March 9, 2015, Fisher filed a motion for a continuance. The request was granted, with Fisher allowed an additional sixty days to respond to the defendants' submission. On March 13, 2015, Fisher filed a motion seeking a trial transcript of a "related case." (App. at 2.) According to Fisher, a transcript of Daher's criminal trial would reveal that the money belonged to Fisher. On April 6, 2015, Fisher requested this transcript at public expense.

[7] On April 10, 2015, the small claims court denied Fisher's claim and purportedly "dismissed" the case. (App. at 2.) Fisher filed a motion to reconsider, pointing out that the small claims court had not ruled upon his motion for a transcript. In response, the small claims court set aside its judgment. On April 27, 2015, the small claims court denied Fisher's request for the Daher transcript,[1] but

---

[1] Fisher was directed to make his transcript request in the Newton County Superior Court.

granted Fisher time up to and including May 11, 2015 to respond to the defendants' submission of evidence.

[8] On May 11, 2015, Fisher filed an additional request for an extension of time to submit his proof by affidavit. On May 13, 2015, the small claims court granted Fisher "an additional sixty days." (App. at 3.) On May 21, 2015, Fisher filed a motion in the Newton County Superior Court seeking the Daher transcript.

[9] On July 13, 2015, Fisher filed his third motion for an extension of time to submit his proof by affidavit. He advised that he was "in the process of purchasing the transcript from the Indiana Court of Appeals." (App. at 29.) On the same day, the small claims court entered an order providing:

> The deadlines for pleadings in this case have passed. The Court finds that the Plaintiff has failed to carry his burden of proof. The Defendants acted appropriately pursuant to a court order regarding the funds at issue in this case and have no liability under this case.
>
> Plaintiff['s] claim is denied and dismissed this 13th day of July, 2015.

(App. at 5.) This appeal ensued.

# Discussion and Decision

## *Standard of Review*

[10] Indiana Small Claims Rule 8(A) provides:

> The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise.

[11] Accordingly, appellate review of a small claims decision is particularly deferential. *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). Generally, we review factual determinations for clear error and review questions of law de novo. *Id*. However, where a small claims case turns solely on documentary evidence, we review de novo, just as we review summary judgment rulings and other paper records. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006).

[12] We note that the defendant officers have not filed an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

## *Timeliness of Filing*

[13] Fisher asserts that his third motion for an extension of time was timely filed and thus challenges the small claims court's statement: "The deadlines for

pleadings in this case have passed." (App. at 5.) The timeliness argument appears to be based upon the premise that the small claims court dismissed the claim for failure to comply with the deadline for submission of responsive materials.

[14] However, although the small claims court used the word "dismissed" in conjunction with the word "denied," the substance of the order indicates that the small claims court adjudicated the claim on its merits. (App. at 5.) Fisher filed a motion rather than an evidentiary submission addressed by the prior continuance order; the small claims court did not deem the motion an untimely pleading; and the matter was not dismissed.

## *Third Motion for a Continuance*

[15] Fisher asserts that he has a constitutional right to bring a civil action and that the denial of his third motion for a continuance denied him due process. Fisher correctly observes that a prisoner has a constitutional right to bring a civil action, pursuant to Article 1, § 12 of the Indiana Constitution: "[a]ll courts shall be open; and every person, for injury done to him in his person, property or reputation, shall have remedy by due course of law."

[16] Implicit in the right to bring a civil claim is the right to present the claim in court. *Zimmerman v. Hanks*, 766 N.E.2d 752, 757-58 (Ind. Ct. App. 2002). Avenues available include such procedures as submission by documentary evidence, trial by telephonic conference, representation by counsel, and postponement until release from incarceration. *Hill v. Duckworth*, 679 N.E.2d

938, 940 n.1 (Ind. Ct. App. 1997). Here, Fisher was afforded the opportunity to submit his claim by affidavit.

[17] The crux of Fisher's argument is that he was entitled to a third continuance as a matter of due process. He suggests that a small claims court must grant repetitive motions for continuances so long as the small claims litigant is "duly diligent" in pursuing his proof. (Appellant's Br. at 5.) This assertion is not in accordance with the Indiana Small Claims Rules.

[18] Indiana Small Claims Rule 9 governs continuances, and provides that either party may be granted a continuance for good cause shown. Moreover, "[e]xcept in unusual circumstances no party shall be allowed more than one (1) continuance in any case, and all continuances must have the specific approval of the court." S.C.R. 9(A). We review the small claims court's ruling on a motion for a continuance for an abuse of discretion. *Multivest Props. V. Hughes*, 671 N.E.2d 199, 201 (Ind. Ct. App. 1996).

[19] Here, the small claims court had granted Fisher two continuances. By the time of Fisher's third motion, he did not represent that he had obtained relevant materials and needed time to review and present them. Rather, he asserted that he was attempting to procure a transcript through an appellate court. Given the history of multiple continuances and the posture of the case, we cannot say that the trial court abused its discretion.

# Conclusion

[20]    Fisher has demonstrated no reversible error in the small claims court decision.

[21]    Affirmed.

Vaidik, C.J., and Crone, J., concur.