Diana **GONZALEZ**, Appellant–
Petitioner,

v.

Edward **GONZALEZ**, Appellee–
Respondent.

No. 64A04–0712–CV–733.

Court of Appeals of Indiana.

Sept. 12, 2008.

Peter Boyles, Martz & Boyles, Valparaiso, IN, Attorney for Appellant.

Debra Lynch Dubovich, Levy & Dubovich, Highland, IN, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Diana Gonzalez ("Mother") appeals the dissolution court's order regarding the legal custody of two of her minor children with Edward Gonzalez ("Father"). She presents a single issue for our review, namely, whether the trial court abused its discretion when it awarded the parties joint legal custody of E.G. and K.G.

We affirm.

### FACTS AND PROCEDURAL HISTORY

Father and Mother were married in 1986 and had six children together. During the marriage, the family attended Fairhaven Baptist Church ("the Church"), and the school-aged children attended school at the Fairhaven Baptist Academy. In early 2005, Father was "excommunicated" from the Church. Appellant's App. at 289. And in March 2005, Mother filed a petition for dissolution of marriage.

The Church has a policy whereby members of the congregation are to "shun" anyone who has "done what they [the Church leaders] didn't want them to do." Id. at 272. And members of the congregation are "not to associate [with] or talk to" someone who has been excommunicated. Id. at 289. Mother continued to attend services at Fairhaven after Father's excommunication, and she intended that the parties' children would also continue as members of the congregation. Father intended that the children would no longer be members of the Church, but would attend a new Baptist church and school.

The parties agreed to bifurcate the issues of child custody and the division of marital property. On October 31, 2006, the dissolution court issued its order regarding custody and parenting time regarding the parties' six children, which provided that Mother would have legal and physical custody of J.G. and El.G.; Father would have legal and physical custody of D.G. and P.G.; and that with respect to the two youngest children, E.G. and K.G., Mother would have physical custody and Father would have legal custody. In particular, the dissolution court found:

> That with respect to [E.G.] and [K.G.] it is in their best interest that the physical custody of [them] be with [Mother]. However, due to [Mother]'s problems dealing with stress surrounding the divorce and the children, the Court finds that [Father] is in a better position to make the significant decisions regarding [E.G.] and [K.G.]. Therefore, [Father] is awarded the Legal Custody of [E.G. and K.G.]. Obviously, [Mother] as the physical custodian of [E.G. and K.G.] will be able to make the day to day health care decisions regarding [E.G. and K.G.] but all major health care decisions shall be made by [Father] after thorough discussion with [Mother].

Id. at 31.

Mother filed a motion to correct error, which the dissolution court granted in part and denied in part. Specifically, the order states in relevant part:

> 1. That the Court erred in granting to [Father] the legal custody with respect to the health care decisions of [E.G. and K.G.]. [Mother] has physical custody of [E.G. and K.G.] and is in the best position to assess their medical needs and to address them. Therefore, the Court finds that [Mother] shall have the right to make all major health care decisions

with respect to [E.G. and K.G.] after discussing same with [Father].

2. The Court clarifies its Order regarding the legal custody of [E.G. and K.G.] with respect to educational and religious decisions. [Father] shall have legal custody of [E.G. and K.G.] with respect to educational and religious decisions and therefore, shall have the right to make all major educational and religious decisions with respect to [E.G. and K.G.] after discussing same with [Mother].

*Id.* at 36.

In the final dissolution decree entered on July 25, 2007, the dissolution court stated that "all of the terms and provisions of the Court's Order Regarding Custody and Parenting Time as entered of record on October 31, 2006, as modified by the Court's Order on Motion to Correct Errors as entered of record on May 22, 2007, are hereby merged and incorporated herein by reference as if fully set forth[.]" *Id.* at 40. This appeal ensued.[1]

## DISCUSSION AND DECISION

■ Mother contends that the dissolution court abused its discretion when it awarded the parties joint legal custody of E.G. and K.G. In particular, Mother asserts that the dissolution court "ignored" the statutory requirements of Indiana Code Section 31–17–2–17. Further, Mother maintains that splitting physical and legal custody between the parties is "unworkable." We cannot agree.

■ Child custody determinations fall squarely within the discretion of the dissolution court and will not be disturbed ex-

cept for an abuse of discretion. *Liddy v. Liddy,* 881 N.E.2d 62, 68 (Ind.Ct.App. 2008), *trans. denied.* In an initial custody determination there is no presumption favoring either parent. Ind.Code § 31–17–2–8. The court assumes that the parties are equally entitled to custody, but makes a decision based on which parent would better rear the child. *Lamb v. Wenning,* 600 N.E.2d 96, 98 (Ind.1992). The court may award legal custody of a child jointly if the court finds that an award of joint legal custody would be in the best interest of the child. Ind.Code § 31–17–2–13. And an award of joint legal custody does not require an equal division of physical custody of the child. Ind.Code § 31–17–2–14.

Mother first contends that the dissolution court "ignored" Indiana Code Section 31–17–2–17 and, therefore, abused its discretion when it awarded the parties joint legal custody of E.G. and K.G. That statute is entitled "Custodian may determine child's upbringing," and it provides:

(a) Except:

(1) as otherwise agreed by the parties in writing at the time of the custody order; and

(2) as provided in subsection (b);

the custodian may determine the child's upbringing, including the child's education, health care, and religious training.

(b) If the court finds *after motion by a noncustodial parent* that, in the absence of a specific limitation of the custodian's authority, the child's:

1. Father filed a motion to dismiss Mother's appeal, alleging that it was not timely filed. This court denied that motion by Order of the motions panel. Father asks that this panel reconsider his motion to dismiss. We agree with the motions panel's conclusion that Mother's appeal was timely filed. The original custody order did not include the "magic language" under Trial Rule 54, *see Georgos v. Jackson,* 790 N.E.2d 448, 452 (Ind.2003), and the dissolution court incorporated that order and its order on the motion to correct error in its final decree.

(1) physical health would be endangered; or

(2) emotional development would be significantly impaired; the court may specifically limit the custodian's authority.

*Id.* (emphasis added).

In essence, Mother contends that the "custodian" referred to in the statute means the parent who has physical custody of a child. And she asserts that as physical custodian of E.G. and K.G., she is entitled, under the statute, to make the decisions regarding education and religion. She maintains that the parties "did not agree to an award of joint custody and neither party filed a motion under [the statute] requesting an award of decision making custody to the non-custodial parent. As a result, the trial court abused its discretion in ignoring the statutory requirements[.]" Brief of Appellant at 18.

We conclude that the dissolution court's order complies with Indiana Code Section 31–17–2–17. Initially, we note that where, as here, a dissolution court is entering an initial custody determination, there is no "noncustodial parent" until the custody order is entered. Secondly, in the context of the statute, "custodian" refers to the legal custodian, not the physical custodian, as Mother contends. Regardless, during the final custody hearing, Father's request for legal custody of E.G. and K.G. was the functional equivalent of a "motion" under subsection (b). And the dissolution court expressly found that Mother should not have legal custody regarding educational and religious decisions because "the emotional development of the children would be impaired[,]" which tracks the language in the statute. Appellant's App. at 51. In the end, the parties are joint legal custodians, and the dissolution court specifically limited each party's authority in order to best serve the children's interests. We

disagree with Mother that the court's order violates Indiana Code Section 31–17–2–17.

Still, Mother contends that the custody arrangement is "unworkable" because the evidence shows that the parties do not communicate well. To the contrary, we conclude that the dissolution court did not abuse its discretion in fashioning the custody award. In its May 2007 Order on Mother's motion to correct error, the dissolution court awarded Father and Mother joint legal custody of E.G. and K.G., with Father making decisions regarding education and religious training and Mother making health care decisions. Of course, a typical joint legal custody arrangement would provide for the parties making decisions together on the issues of education, religion, and health care. But here, the dissolution court explained why it severed the decision-making duties as follows:

> [Mother] has physical custody of [E.G. and K.G.] and is in the best position to assess their medical needs and to address them. Therefore, the Court finds that [Mother] shall have the right to make all major health care decisions with respect to [E.G. and K.G.] after discussing same with [Father].

\* \* \*

> The rationale behind the Court's decision [to award Father legal custody regarding the children's education and religious training] is based on the atmosphere of the Church the mother attends. The Court feels that due to the attitude of the Mother's church towards [F]ather, the emotional development of the children would be impaired when it comes to developing and maintaining a healthy relationship with their father.

Appellant's App. at 35, 51.

The evidence supports the dissolution court's order granting the parties joint

legal custody of E.G. and K.G., the youngest of the parties' six children. While this type of joint legal custody is unusual, given the unique circumstances of this case, we cannot conclude that the dissolution court abused its discretion. The dissolution court concluded that the award is in the best interests of the children. Mother's contention to the contrary is merely a request that we reweigh the evidence, which we will not do. There is evidence that if Mother were granted legal custody with regard to education and religious training of the children, she would enroll E.G. and K.G. in school at Fairhaven Baptist Academy and would take them to the Church with her. And the evidence supports the dissolution court's determination that the children's attendance at the Fairhaven school and church, after Father's excommunication, would impair their development with regard to maintaining a healthy relationship with Father. Mother has not shown an abuse of discretion.

Affirmed.

ROBB, J., and MAY, J., concur.