**Anna C. FINNERTY, Appellant,**

v.

**Gerald W. CLUTTER, Appellee.**

**No. 87A01–0905–CV–211.**

Court of Appeals of Indiana.

Nov. 30, 2009.

Transfer Denied Feb. 18, 2010.

Thomas A. Massey, Massey Law Offices, LLC, Evansville, IN, Attorney for Appellant.

Kelly A. Lonnberg, Bamberger Foreman Oswald and Hahn, LLP, Evansville, IN, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Anna Finnerty ("Mother") appeals the trial court's order regarding the parenting time of Gerald Clutter ("Father"). We affirm.

### Issue

Mother raises three issues, which we consolidate and restate as whether the trial court abused its discretion by failing to order Father to take the children to church on Sunday during his parenting time or alternatively, by failing to adjust Father's parenting time so that Mother could take the children to church.

### Facts

Father and Mother had two children, J.C., born December 31, 1998, and E.C., born March 7, 2002, and divorced in 2004. The parties' Agreed Final Order regarding their dissolution provided that the "parties shall have joint custody of the minor children" with Mother "being the primary residential custodian." App. p. 129.

During the marriage, Mother and Father began attending a Catholic church with the children. Following the dissolution, Mother continued to attend a Catholic church, enrolled J.C. in a Catholic elementary school, and took E.C. to Wednesday evening religious education classes. At some point, a dispute arose concerning Father's weekend parenting time. Father sought to have parenting time until 7:00 p.m. on Sundays so that the children could attend Sunday dinners with extended family members. Mother proposed that Father's parenting time end at 3:00 p.m. on Sundays so that she could take the children to Sunday evening mass.

In November 2007, Father filed a petition to modify child support and visitation. After a hearing in March 2009, the trial court issued a verbal ruling and later issued a written order providing, in part, that Father was entitled to parenting time on alternate weekends from Friday at 4:00 p.m. to Sunday at 7:00 p.m. and on Tuesdays and Thursdays from 4:00 p.m. to 7:00 p.m., along with summer and holidays pursuant to the Indiana Parenting Time Guidelines. The order also provided: "Church attendance on the Father's weekend shall be his prerogative. The Court will recommend, but will not require, the children attend church during the Father's parenting time, if it has been their practice in the past to do so." App. p. 11.

### Analysis

The issue is whether the trial court abused its discretion by failing to order Father to take the children to church on Sunday during his parenting time or alternatively, by failing to adjust Father's parenting time so that Mother could take the children to church. In all parenting time controversies, courts are required to give foremost consideration to the best interests of the child. *Downey v. Muffley*, 767 N.E.2d 1014, 1017 (Ind.Ct.App.2002). In reviewing a trial court's resolution of a parenting time dispute, we reverse only when the trial court manifestly abused its discretion. *Id.* If there is a rational basis for the trial court's determination, then no abuse of discretion will be found. *Id.* Further, we may not reweigh the evidence or judge the credibility of the witnesses, *Id.*

Mother argues that she is the custodial parent and is entitled to make decisions regarding the children's religious training. In support of her argument, Mother cites Indiana Code Section 31–17–2–17(a), which provides:

(a) Except:

    (1) as otherwise agreed by the parties in writing at the time of the custody order; and

    (2) as provided in subsection (b);

the custodian may determine the child's upbringing, including the child's education, health care, and *religious training*.

(b) If the court finds after motion by a noncustodial parent that, in the absence of a specific limitation of the custodian's authority, the child's:

    (1) physical health would be endangered; or

    (2) emotional development would be significantly impaired;

the court may specifically limit the custodian's authority.

(emphasis added). Thus, according to Mother, the trial court abused its discretion by failing to allow her to take the children to church on Sundays or to order Father to do so because she "has the sole right to direct religious upbringing for the children." Appellant's Br. p. 6.

Father points out that the parties' Agreed Final Order regarding their dissolution provided that the "parties shall have joint custody of the minor children" with Mother "being the primary residential custodian." App. p. 129. "Physical custody and legal custody are not equivalent." *Reno v. Haler*, 743 N.E.2d 1139, 1141 (Ind. Ct.App.2001), *trans. denied.* The parties' dissolution decree clearly contemplates that the parties would have joint legal custody of the children and that Mother would have primary physical custody of the children. We reached the same conclusion in *Reno*, where the parties agreed to "joint custody" with wife having physical custody during the school year and husband having physical custody during the summer. *Id.* There, we concluded that the parties' agreement was for joint legal custody with the wife being the primary physical custodial.

Having determined that the parties have joint legal custody, we conclude that Indiana Code Section 31–17–2–17, on which Mother relies, is inapplicable. We clarified in *Gonzalez v. Gonzalez*, 893 N.E.2d 333, 336 (Ind.Ct.App.2008), that "custodian" in the context of Indiana Code Section 31–17–2–17 refers to the legal custodian, not the physical custodian.[1] Indiana Code Section 31–17–2–17, upon which Mother relies, applies to instances in which one parent has legal custody of the child rather than where the parties have joint legal custody.[2] *See* 14 Ind. Practice Series, Family Law § 8:57 (discussing joint legal custody). Thus, Mother's argument that she, as physical custodian, has authority "to determine the children's religious upbringing" fails. Appellant's Reply Br. p. 1.

"Joint legal custody" means "that the persons awarded joint custody will share authority and responsibility for the major decisions concerning the child's upbringing, including the child's education, health care, and *religious training*." Ind.Code § 31–9–2–67 (emphasis added). Because Father and Mother have joint legal custody, Father and Mother share authority

---

1. "Physical custody" is defined as "the physical care and supervision of a child." Ind. Code §§ 31–9–2–92, 31–21–2–16.

2. Mother relies in part on *Jones v. Jones*, 832 N.E.2d 1057, 1059–61 (Ind.Ct.App.2005), in which the parties had joint legal custody, but another panel of this court relied upon Indiana Code Section 31–17–2–17 to hold that the father as custodial parent had the authority to determine his child's religious upbringing. To the extent *Jones* relies upon Indiana Code Section 31–17–2–17 in a joint legal custody situation, we must respectfully disagree with its reasoning.

and responsibility for decisions regarding the children's religious training.

The trial court here made church attendance during Father's parenting time "his prerogative," but recommended that the children continue to attend church during his parenting time "if it has been their practice in the past to do so." App. p. 11. Mother argues that the trial court improperly gave more emphasis to the children's extracurricular activities than their religious training. The trial court also ordered that "Father shall be responsible to make sure the children attend activities which take place during his parenting time" and that the children were permitted to continue "those activities for which they have recently been involved...." *Id.* at 10–11. However, "[a]ny additional activities may be arranged by the mother but not to interfere with father's parenting time unless agreed upon or ordered by the Court." *Id.* at 11. We conclude that the trial court did not place more emphasis on the children's extracurricular activities than their religious training. Rather, the trial court's main concern seemed to be that Mother not be allowed to schedule activities that interfered with Father's parenting time without Father's permission.

Recognizing Father and Mother's shared authority and responsibility for decisions regarding the children's religious training, we cannot say that the trial court abused its discretion here. The trial court reached a rational solution in fashioning a parenting time award. The trial court properly attempted to balance Father's desire for uninterrupted parenting time with Mother's desire to provide the children with religious training. The children are still provided with substantial religious training while, at the same time, allowing them to participate in family events with Father. The trial court's order, balancing Father's parenting time with the children's religious training and other activities, is in the children's best interest. We conclude that the trial court did not abuse its discretion.[3]

### Conclusion

We conclude that the trial court did not abuse its discretion when it ordered that church attendance during Father's parenting time was "his prerogative," but recommended that the children continue to attend church during his parenting time "if it has been their practice in the past to do so." *Id.* at 11. We affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

3. Mother also argues that the children should have the same religious training they would have had if the marriage had not been dissolved. In support of this argument, Mother points to the preface to Guideline 1 of the Indiana Child Support Rules and Guidelines, which provides:

> Guidelines to determine levels of child support were developed by the Judicial Administration Committee of the Judicial Conference of Indiana and adopted by the Indiana Supreme Court. The guidelines are consistent with the provisions of Indiana Code Title 31 which place a duty for child support upon parents based upon their financial resources and needs, *the standard of living the child would have enjoyed had the marriage not been dissolved* or had the separation not been ordered, the physical or mental condition of the child, and the child's educational needs.

(emphasis added). The Child Support Rules and Guidelines are instructive, but not applicable in this factual circumstance.