**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 14 2012, 9:34 am
CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**R.B.**
Oak Park, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MARRIAGE OF | ) |
| | ) |
| R.B. (Mother), | ) |
| | ) |
|     Appellant-Petitioner, | ) |
| | ) |
|       and | )   No. 32A01-1109-DR-394 |
| | ) |
| K.S. (Father), | ) |
| | ) |
|     Appellee-Respondent. | ) |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable David H. Coleman, Judge
Cause No. 32D02-0312-DR-190

**May 14, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Pro-se Appellant R.B. ("Mother") appeals an order denying her petition for child support arrearage and for educational custody of R.B-S., her child with K.S. ("Father"). We affirm in part, reverse in part, and remand for further proceedings.

**Issues**

Mother presents the following consolidated and restated issues:

I.      Whether she was entitled to summary judgment;
II.     Whether the trial court abused its discretion by refusing to award Mother sole educational custody;
III.    Whether the trial court abused its discretion by declining to award Mother expenses associated with R.B.-S.'s summer school attendance;
IV.     Whether the trial court abused its discretion by omitting a specific order that extended-weekend parenting time be exercised in Illinois; and
V.      Whether the trial court abused its discretion by ordering that Father's child support arrearage be offset by Mother's child support obligation.

**Facts and Procedural History**

Mother and Father were married in 1997 and divorced in 2004. Mother was initially awarded physical custody of the parties' only child and Father was ordered to pay child support. In 2010, Mother decided to relocate to Chicago, Illinois; Father opposed her relocation with R.B-S. The matter was set for hearing on November 22, 2010.

On December 27, 2010, the trial court entered an order granting Father physical custody of R.B-S., and specifying that Mother would have parenting time of seven weeks of summer, seven days of winter break, and the entirety of spring break (as well as "liberal parenting time" upon notice when Mother was in Indianapolis or the child was in Chicago).

2

(App. 49.) Mother was ordered to pay $4,500 of Father's attorney's fees,[1] and child support

of $35.00 weekly. With regard to R.B-S.'s education, the order provided:

> [Child] shall remain enrolled in Herron High School for the remainder of the
> 2010 / 2011 academic year, but thereafter Father may elect to keep [Child] in
> Herron High School or enroll [Child] in Perry Meridian Schools, which is the
> public school district within which Father presently resides.

(App. 50.) The order was not appealed.

On June 22, 2011, Mother filed a motion to enforce payment of child support

arrearage and her "Petitioner's Combined Motions to (1) Modify Custody Order; (2) for

Order to Prevent Respondent from Changing Minor Child's School; and (3) for Order to

Send Minor Child to Summer School." (App. 53.) On August 3, 2011, Father filed his

response. Mother moved to strike the response.

On August 10, 2011, the parties, each pro-se, appeared for hearing. Mother requested

that, although Father would retain physical custody of R.B-S., she be given educational

custody so that she could keep R.B-S. enrolled at Herron High School in Indianapolis. She

testified that she had stayed in Indianapolis for several weeks in the summer and had taken

R.B-S. to summer school; she sought reimbursement for transportation expenses and for her

personal room and board. Finally, she asked that Father be ordered to pay his child support

arrearage and statutory interest thereon. Father testified that he had recently learned that he

resided in the school district for Southport High School (as opposed to Perry Meridian) and

had pre-enrolled R.B-S. in that school.

---

[1] Mother later filed for bankruptcy protection and asserted that her obligation to Father (with regard to property settlement and attorney's fees) was discharged by the bankruptcy court.

On August 12, 2011, the trial court issued an order denying custody modification, denying Mother reimbursement for summer school expenses, and addressing child support arrearage as follows:

> The petitioner presented evidence that the respondent was in arrears on child support for [the Child] prior to the last order in the amount of $11,240.68. This evidence was not presented at the last hearing on November 22, 2010. The respondent presented evidence that the petitioner is in arrears on her child support payments to him since the last order in the amount of $845.00. It seems only logical that the amount due from petitioner to the respondent should be off-set against the arrearage owed by the respondent to the petitioner.

> Therefore, the court finds that the petitioner should not actually pay the respondent $35.00 per week but that this amount is deducted from the child support arrearage owed to the petitioner by the respondent until further order.

(App. 12.) Mother now appeals.[2]

**Discussion and Decision**

I. Summary Judgment

Mother argues that she was entitled to summary judgment, pursuant to Indiana Trial Rule 56, because Father "failed to respond by the expiration date" to her motions for child support arrearage and custody modification. Appellant's Brief at 17.

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C).

---

[2] We note that Father has failed to file an appellee's brief. When the appellee fails to submit a brief, we need not undertake the appellee's burden of responding to arguments that are advanced for reversal by the appellant. Hamiter v. Torrence, 717 N.E.2d 1249, 1252 (Ind. Ct. App. 1999). Rather, we may reverse the trial court if the appellant makes a prima facie case of error. Id. "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." Id. Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. Mikel v. Johnston, 907 N.E.2d 547, 550 n.3 (Ind. Ct. App. 2009).

The party who did not prevail in the trial court bears the burden of persuading the appellate court that the trial court erred. Bradshaw v. Chandler, 916 N.E.2d 163, 166 (Ind. 2009).

Although Mother and Father orally made cross-motions for summary judgment, the record on appeal includes no designation of summary judgment materials. It appears that Mother believes she is entitled to judgment upon all her claims as a matter of course if Father filed untimely responses. However, she does not develop a cogent argument with relevant authority to support this proposition.[3] Moreover, custody determinations are fact-sensitive and thus particularly inappropriate for disposition by summary judgment. Mother has not persuaded us that the trial court erred by declining to enter summary judgment in her favor.

## II. Educational Custody

Mother requested that she be appointed R.B-S.'s educational custodian while physical custody remained vested in Father. Mother argues that, in light of evidence that Herron High School would not give R.B-S. credit for an English class unless he completed a three-week summer session, the trial court's refusal to modify custody in this manner constitutes an abuse of discretion.

For the proposition that custody is comprised of divisible components, she directs our attention to Gonzalez v. Gonzalez, 893 N.E.2d 333 (Ind. Ct. App. 2008). In Gonzalez, a panel of this Court reviewed the trial court's decision to award Father legal custody of two

---

[3] In the section of her brief addressing entitlement to summary judgment, Mother also claims an unspecified statutory right to an affirmative ruling on her motions to strike Father's responses and suggests that the trial court wholly ignored her motions. However, the record does not support her suggestion that the trial court failed to rule on her motions to strike Father's responses. The trial court's order of August 12, 2011 specified that the trial court had, "prior to commencing the introduction of evidence," denied Mother's August 3, 2011 and August 9, 2011 motions to strike. (App. 9.)

children "with respect to educational and religious decisions" although Mother had physical custody. Id. at 335. At the outset, we observed that "child custody determinations fall squarely within the discretion of the dissolution court and will not be disturbed except for an abuse of discretion." Id. We further observed that "a typical joint legal custody arrangement would provide for the parties making decisions together on the issues of education, religion, and health care." Id. at 336. Nonetheless, as the trial court had clearly expressed its rationale for deviation from the typical arrangement, and the decision was not contrary to the facts and circumstances before it, such a bifurcation of legal custody was not found to be in contravention of statutory authority. Id. at 336-37.

Accordingly, while we agree with Mother that one parent may in some circumstances be vested with the sole authority to make educational decisions for his or her child, the trial court has discretion in this regard. Here, it seems particularly inappropriate to designate Mother as sole educational custodian when she lives in another state and is not responsible for transporting her child to school or to extra-curricular activities on a regular basis. Furthermore, Mother has essentially attempted to re-litigate the trial court's prior order – which she did not appeal – providing that Father could remove R.B-S. from Herron High School at the end of the 2010-2011 academic year. Mother has demonstrated no abuse of discretion.

### III. Summer School Expenses

Mother claims that she is entitled to reimbursement for gasoline and for her personal room and board for a three-week period in which she remained in Indianapolis and took R.B-

S. to summer school. At the August 2011 hearing, Mother presented gasoline receipts and a handwritten receipt for "Room and Board" in the amount of $600. (Pet. Ex. 2.) She now argues that she would not have incurred those expenses "if Father had lived up to his responsibility and sent the minor child to summer school during which he would have lived with his Father as he otherwise does." Appellant's Brief at 25.

The trial court denied Mother's request for reimbursement, finding that Father had not violated a court order and had not agreed to cover Mother's expenses for summer school transportation or her stay in Indianapolis. Mother, subject to no court directive to provide summer school transportation, exercised parenting time in Indianapolis and drove R.B-S. to summer school for three weeks. The trial court deemed this gratuitous; we find no abuse of the trial court's discretion in this regard.

## IV. Parenting Time

In her petition for custody modification, Mother requested in part: "That the Parenting Time order be modified to allow Mother to take Minor Child to her home in Chicago on three and four-day weekends." (App. 58.) She now complains that her request was not granted. According to Mother, Father has "voluntarily bent the rules" in this manner and she desires to have the informal arrangement "codified." Brief of Appellant at 25. Mother provides no citation to such evidence in the record.

We observe that the existing parenting time order contemplates that "liberal" parenting time, in addition to the specified school breaks, will be exercised either in Indianapolis or in Chicago "upon notice." (App. 49.) If Mother desires a specific

7

modification such that all parenting time for three and four-day school breaks will be exercised in Chicago, it is incumbent upon her to provide the trial court with evidence that such a modification would be in R.B-S.'s best interests. We do not engage in fact-finding on appeal and cannot order the trial court to grant the modification without supporting evidence. See Balicki v. Balicki, 837 N.E.2d 532, 541 (Ind. Ct. App. 2005) (observing that the doctrine of invited error is grounded in estoppel and prevents a party from taking advantage of error he or she commits, invites, or is the natural consequence of his or her own negligence or misconduct), trans. denied.

## V. Child Support Arrearage

Finally, Mother claims that she is entitled to past-due child support and interest thereon. In her motion to enforce payment of child support, filed November 18, 2010, Mother asserted that Father had failed to satisfy the obligation of their dissolution agreement that he pay "for the month of February 2004" the sum of $1,300 for "child support and miscellaneous expenses."[4] (App. 61.) She further asserted that, for the period of time from March 5, 2004 to November 26, 2010, Father owed $42,160 but paid only $33,583, leaving an arrearage of $8,577.

Father testified that he would not contest the county prosecutor's computation of his child support arrearage, but further testified that Mother was in arrears on her child support. The trial court responded by ordering an offset between the parents' child support obligations, and Mother's obligation to make child support payments was suspended pending

---

[4] It is unclear what portion is for child support.

8

further order of court.[5]  Mother contends this is error, and we agree.

Decisions regarding child support are within the sound discretion of the trial court. Hicks v. Smith, 919 N.E.2d 1169, 1171 (Ind. Ct. App. 2010), trans. denied.  We reverse a child support decision only where there has been an abuse of discretion or if the decision is contrary to law.  Id.  One of the purposes of an order for child support is to provide a child with regular and uninterrupted support.  Id.  The right to support lies exclusively with the child; thus, a custodial parent holds the child support payments in trust for the child's benefit.  Id.  As constructive trustee, the custodial parent may not contract away the benefits of the constructive trust.  Id.  Moreover, once funds have accrued to the child's benefit, the trial court does not have power to reduce, annul, or vacate the child support order retroactively. Id.  Accordingly, a party is generally required to make support payments in the amount and manner specified in the child support order until such time as the order is modified or set aside.  Id.  A parent who has expended his or her own funds to provide food, clothing, and shelter to the child has discharged the trusteeship and is entitled to collect arrears from the non-custodian.  Id. at 1172.

In State v. Funnell, 622 N.E2d 189 (Ind. Ct. App. 1993), the State appealed a trial court order that set off a father's arrearages (which had been assigned to the State) against the mother's arrearages.  We agreed with the State that the set-off was improper:

> The trial court incorrectly treats the child support as an obligation from parent to parent.  The custodial parent stands in a fiduciary capacity when receiving children's support payments.  Lizak v. Schultz (1986), Ind., 496 N.E.2d 40, 42;

---

[5] Mother's current child support obligation is calculated based upon limited income during a period of temporary unemployment.  When Mother was employed, she earned $1,121 weekly.

9

Jenkins v. Jenkins (1991), Ind.App., 567 N.E.2d 136, 140. Because the payor's obligation is to the child and not the custodial spouse, the payor cannot withhold support payments to set off a debt owed by the custodial spouse. Id. But see Bendix v. Bendix (1990), Ind.App., 550 N.E.2d 825, trans. denied (payments directly to child not credited against support obligation).

In most cases, if arrearages occur, they are owed by one parent. See generally, Lizak, supra. However, here because of the custody changes, both parents have accrued arrearages. The setoff improperly allows each parent to appropriate funds from the children's support funds to satisfy their personal obligations. Jenkins, supra, at 140. Because the setoff order decreases the past support obligations of both parents, the setoff is a retroactive modification of the parents' support obligations. Indiana prohibits retroactive modification of support orders. See IC 31-2-11-12 (1988); Cardwell v. Gwaltney (1990), Ind.App., 556 N.E.2d 953, 954. Therefore, Judy owes $810.00 in arrears and Edward owes $772.00 in arrears.

622 N.E.2d at 190-91. Likewise, each parent here has an accrued child support arrearage. We remand to the trial court to calculate the arrearage due and determine the amount each parent should pay, with no suspension or off-set.

## Conclusion

Mother has not demonstrated her entitlement to summary judgment. Nor has she shown an abuse of the trial court's discretion in declining to award her educational custody or claimed expenses. However, the trial court's order suspending Mother's obligation to pay child support until Father's arrearage was offset is in error. We remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

ROBB, C. J., and MATHIAS, J., concur.

10