## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 17 2017, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Ryan H. Cassman
Cathy M. Brownson
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

L.R.,

*Appellant-Petitioner,*

v.

G.R.,

*Appellee-Respondent.*

August 17, 2017

Court of Appeals Case No.
49A02-1608-DR-1827

Appeal from the Marion Superior
Court

The Honorable David J. Dryer,
Judge

Trial Court Cause No.
49D10-1404-DR-13060

**Bailey, Judge.**

# Case Summary

L.R. ("Mother") appeals portions of the trial court's order dissolving her marriage to G.R. ("Father") and establishing custody of their three children (the "Children").

We affirm in part, vacate in part, and remand with instructions.

# Issues

Mother presents several issues, which we consolidate[1] and restate as:

    I.      Whether the trial court committed reversible error when it ordered Mother and Father to attend counseling; and

    II.    Whether the trial court lacked the authority to limit Mother's right to make educational decisions for the Children when it failed to make a finding, required by statute, regarding the Children's emotional development.

# Facts and Procedural History[2]

On July 12, 2016, the trial court entered an order dissolving Mother's and Father's Marriage. The order granted Mother sole legal custody and primary

---

[1] Mother directs arguments toward actions of the trial court subsequent to entry of the appealed order. Having denied Mother's motion to consider those arguments, we address only issues pertaining to the appealed order.

[2] Because we are not addressing Mother's arguments concerning the trial court's subsequent actions, we include only the procedural history pertinent to the instant appeal.

physical custody of the Children. The order specified that the Children were not to be home-schooled, rather, they were to be "enrolled in the appropriate public school according to Mother's residence, or private school as agreed by the parties." Appellant's App. Vol. II at 32. The order also required that Mother and Father participate in three months of counseling services, and provided that "[e]ach party shall be individually responsible for their respective appointments and shall share equally the cost of any joint appointments." Appellant's App. Vol. II at 28. The trial court appointed the same counselor for Mother and Father, and appointed a different counselor for the Children.

Mother filed a Notice of Appeal on August 10, 2016. The next day, Father filed a motion to correct error, which the trial court subsequently granted. The trial court responsively made several corrections to its order, none of which impacted provisions terminating home-schooling and requiring counseling.

# Discussion and Decision

## Standard of Review

"[A] general judgment will control as to the issues upon which there are no findings," and we will affirm a general judgment if it can be sustained on any legal theory supported by the evidence. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). However, in accordance with Trial Rule 52(A), even where the parties have not requested special findings, the trial court is obligated to make special findings in several circumstances, including when "provided . . . by statute." Where the failure to make findings deprives a trial court of statutory

authority, the offending portion of the trial court's order cannot stand. *See Jones v. Jones*, 832 N.E.2d 1057, 1061 (Ind. Ct. App. 2005) (striking a portion of an order due to the trial court's failure to make required findings because the trial court lacked, *ab initio*, a statutory basis for entering that portion of the order).

## Counseling

[7] Mother argues that the trial court committed reversible error when it ordered Mother and Father to participate in three months of counseling. Presumably, the counseling has taken place as ordered because more than a year has passed since the trial court ordered the brief period of counseling. Thus, it appears that this issue is moot. *See In re F.S.*, 53 N.E.3d 582, 590 (Ind. Ct. App. 2016) (observing that an "issue is deemed moot when no effective relief can be rendered to the parties before the court"). And, although we generally do not consider moot issues, *see id.*, because of the potential for this issue to recur, we choose to address it on its merits.

[8] Mother directs us to provisions of the Indiana Code limiting the trial court's authority to order counseling, however, those provisions apply to the fashioning of a provisional order in a dissolution action; the instant order was not a provisional order. Mother also points out, and Father does not dispute, that Mother obtained a protective order against Father. However, the order did not mandate joint counseling. Rather, the order instead contemplated that the parties would have "their respective appointments" for which they were financially responsible, and proactively provided a cost-sharing provision

should there be "any joint appointments." Appellant's App. Vol. II at 28. Finally, we are not persuaded by Mother's suggestion that the trial court must have "made a typographical error in ordering the parties into counseling because the topic of conversation at the relevant hearing was about Children potentially going into counseling." Appellant's Br. at 25. Moreover, the trial court specifically appointed different counselors for the parents and the Children, and drafted a separate financial-responsibility provision relating to the cost of the Children's appointments.

[9] The evidence favorable to the order indicates that Mother shared her negative thoughts and feelings about Father with the Children, and the Children were influenced by those communications. During the pendency of the dissolution proceeding, the Children had become increasingly distressed, and there was an extended time when Mother refused to let Father see the Children. Here, given the tenor of Mother's and Father's relationship, the trial court could reasonably conclude, based on the record before it, that requiring Mother and Father to participate in counseling services would provide a benefit to the Children.

[10] Mother has not persuaded us that the trial court erred in this respect.

# Education

[11] The trial court granted Mother sole legal custody, while specifying that the Children were not to be home-schooled. The trial court's authority to limit a legal custodian's decision-making authority is addressed by statute:

    (a) Except:

> (1) as otherwise agreed by the parties in writing at the time
> of the custody order; and

> (2) as provided in subsection (b);

> the custodian may determine the child's upbringing, including
> the child's education, health care, and religious training.

> (b) If the court finds after motion by a noncustodial parent that,
> in the absence of a specific limitation of the custodian's authority,
> the child's:

> > (1) physical health would be endangered; or

> > (2) emotional development would be significantly
> > impaired;

> the court may specifically limit the custodian's authority.

Ind. Code § 31-17-2-17.

[12] Mother argues[3] that the trial court improperly limited her decision-making authority because it failed to make any findings concerning the Children's emotional development or physical health, as required by the statute. Father

---

[3] Mother briefly asserts that the trial court failed to comply with the statute because Father did not move to limit Mother's decision-making authority. However, we have recognized that a request for legal custody can amount to the "functional equivalent" of a motion under subsection (b) of the statute. *Gonzalez v. Gonzalez*, 893 N.E.2d 333, 336 (Ind. Ct. App. 2008). Here, Father sought legal custody, both Father and Mother elicited testimony concerning the propriety of home-schooling the Children, and Mother never objected to consideration of the issue. We conclude that this issue was properly before the trial court for the purposes of subsection (b).

responds that the trial court's decision to address home-schooling reflects a determination that the Children's emotional development would be significantly impaired and that there was a "mountain of evidence" supporting a decision to terminate the Children's home-schooling. Appellee's Br. at 21.

[13] It does appear that the trial court drafted the provision out of concern for the emotional development of the Children, and those concerns may well have evidentiary support. However, where a trial court determines as much, Indiana Code section 31-17-2-17 imposes on trial courts an affirmative obligation to articulate a specific finding that each affected child's emotional development would be significantly impaired—or physical health endangered—before placing a limitation on the parent's authority. This is so because of the constitutional dimension of a parent's right to direct a child's upbringing without undue governmental interference. *See generally In re Visitation of M.L.B.*, 983 N.E.2d 583, 586 (Ind. 2013) (interpreting *Troxel v. Granville*, 530 U.S. 57 (2000)). When a trial court fails to comply with Indiana Code section 31-17-2-17, the trial court lacks the authority to limit a legal custodian's rights. *See Jones*, 832 N.E.2d at 1061 (concluding that the trial court lacked the authority to limit a parent's ability to direct a child's religious training when the trial court failed to make the finding required by statute).

[14] Although Father invites us to apply the general-judgment standard of review, we are precluded from doing so under these circumstances. Rather, because the trial court did not make the requisite findings as to the Children, the trial court had no statutory authority to curtail Mother's right to direct their upbringing.

We must therefore vacate that portion of the order relating to the termination of home-schooling, and remand for the trial court to determine whether any restriction on Mother's authority is warranted.[4]

# Conclusion

Mother has not persuaded us that the trial court erred in ordering the three-month period of counseling. As to the termination of home-schooling, the trial court improperly restricted Mother's authority to make educational decisions for the Children because the trial court did not make specific findings required by Indiana Code section 31-17-2-17. We accordingly vacate that portion of the order terminating home-schooling of the Children, and remand for further proceedings not inconsistent with this opinion. We affirm the order of the trial court in all other respects.

Affirmed in part, vacated in part, and remanded.

Baker, J., and Altice, J., concur.

---

[4] Because we resolve this issue on statutory grounds, we do not consider Mother's constitutional arguments.