**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**NANCY A. McCASLIN**
McCaslin & McCaslin
Elkhart, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| DAVID L. FENDLEY, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1212-DR-662 |
| | ) | |
| MISTY L. CONVERSE, | ) | |
| f/k/a MISTY L. FENDLEY, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-9209-DR-257

**September 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Respondent David L. Fendley ("Former Husband") and Appellee-Petitioner Misty L. Fendley-Converse ("Former Wife") were married on March 31, 1990. The dissolution court issued an order dissolving the parties' marriage on April 5, 1993. One child was born during the course of the parties' marriage. On September 6, 1994, the parties filed a stipulation by which they agreed, among other things, that Former Husband's obligation to pay child support would be abated and he would not be held responsible for any medical insurance for or medical bills of the parties' child in exchange for Former Husband's agreement that he would forfeit his right to exercise visitation with the child and would consent to Former Wife's desire to change the child's last name. This stipulation was approved by the dissolution court, which, on September 6, 1994, issued an order stating that Father's obligation to pay child support was abated.

On January 12, 2012, Former Wife filed a minute entry in the trial court[1] requesting a child support hearing. In requesting this hearing, Former Wife asserted that Former Husband had not paid child support for the child for approximately eighteen years. Following a hearing, the trial court entered judgment against Former Husband in the sum of $128,104.00. Former Husband filed a motion to reconsider. The trial court issued an order denying Former Husband's request to set aside the $128,104.00 judgment against him, but altered its order to provide that the judgment was awarded in favor of the parties' now-adult child

---

[1] We note that both the dissolution court and the trial court are Elkhart Superior Court 3. However, we use these distinguishing terms to aid the reader in differentiating between the orders issued by the trial judge before whom the proceedings were conducted in 1992 through 1994 and the orders issued by the trial judge before whom the proceedings were conducted in 2012 to the present.

2

instead of Former Wife. Former Husband then filed a Trial Rule 60(B)(8) Motion to Set Aside the Judgment. This motion was subsequently denied by the trial court.

On appeal, Former Husband contends that the trial court erred in denying his request to set aside the $128,104.00 judgment against him in light of the dissolution court's September 6, 1994 order which abated his obligation to pay child support. Former Husband also contends that he is entitled to an award of appellate attorney's fees because this appeal resulted from a frivolous action that was brought in bad faith by Former Wife. Concluding that the trial court erred in denying Former Husband's motion to set aside the judgment, and that Former Husband is not entitled to an award of appellate attorney's fees, we reverse the judgment of the trial court with respect to the $128,104.00 judgment against Former Husband and reject Former Husband's request for appellate attorney's fees.

## FACTS AND PROCEDURAL HISTORY

Former Husband and Former Wife were married on March 31, 1990. The parties separated on August 21, 1992. Former Wife filed a petition for the dissolution of the parties' marriage on September 9, 1992. The dissolution court entered an order dissolving the parties' marriage on April 5, 1993. One child was born during the parties' marriage.

On September 6, 1994, the parties, by counsel, filed a stipulation that was signed by both parties and their counsel. This stipulation provided that: (1) Former Husband shall withdraw his motion for relief from the dissolution decree, (2) Former Husband's child support obligation shall be abated; (3) Former Husband shall not exercise visitation; (4) Former Husband shall not be held responsible for any medical insurance or medical bills; (5)

3

Former Husband shall consent to Former Wife's desire to change the child's last name; and

(6) Former Husband shall pay the remaining arrearage of $3636.00 at the rate of $108.00 per

week. That same day, the dissolution court issued an order which read as follows:

> Pursuant to [the] stipulation filed by the parties on September 6, 1994, this
> Court Orders that
> 1.      Respondent's Motion for Relief from Dissolution Decree is dismissed,
> 2.      Respondent's child support shall be abated effective August 12, 1994,
> and Respondent shall pay the remaining arrearage at the rate of $108.[00] per
> week, said abatement to be without prejudice.
> 3.      Respondent shall not be responsible for any medical insurance or
> medical bills of the child of the marriage, pending further order of the court.

Appellant's App. p. 28 (brackets added). Neither party appealed from or challenged this

order at any time.

On January 12, 2012, Former Wife filed a minute entry in the trial court requesting a

child support hearing. In making this request, Former Wife asserted that Former Husband

had not paid child support for the child for approximately eighteen years. Following a

hearing on Mother's minute entry, the trial court determined that Former Husband had failed

to pay child support and entered judgment against him in the sum of $128,104.00.

Soon thereafter, Former Husband filed a motion to reconsider. Following a hearing,

the trial court issued an order denying Former Husband's request to set aside the $128,104.00

judgment against him, but altered the order of judgment to provide that the judgment was

awarded in favor of the parties' now-adult child instead of Former Wife. On November 5,

2012, Former Husband, by counsel, filed a Trial Rule 60(B)(8) Motion to Set Aside the

Judgment. This motion was subsequently denied by the trial court.

## DISCUSSION AND DECISION

4

### I. Motion to Set Aside the Judgment

Initially, we note that Former Wife did not file an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id.* We may, therefore, reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

In denying Former Husband's motion to reconsider and motion to set aside the judgment, the trial court noted that relevant precedent indicates that an individual cannot contract away his or her obligation to support their children, and stated that as a result, it believed the parties' 1994 stipulation to be contrary to public policy. Generally, we agree that an individual cannot contract away his or her obligation to support their children. *See Bussert v. Bussert*, 677 N.E.2d 68, 71 (Ind. Ct. App. 1997) (providing that any agreement which purports to contract away a child's right to support is unenforceable as directly contrary to the public policy of protecting the welfare of children), *trans. denied*. We also note that had the parties' stipulation come before us in 1994, we, like the trial court, might also have rejected it as contrary to public policy. However, the dissolution court, which considered the parties' stipulation when it was presented in September of 1994, did approve the stipulation and entered a court order abating Former Husband's child support obligation effective August 12, 1994.

The trial court appears to have considered Former Wife's claim that Former Husband failed to pay child support as a claim that the dissolution court's September 6, 1994 order

5

was void as against public policy. If Former Wife believed the dissolution court's September 6, 1994 order was void as against public policy, she should have sought relief under Trial Rule 60(B) or appealed the order to this court. Former Wife did neither and now, approximately eighteen years later, seems to be attempting to circumvent the dissolution court's order by claiming that Former Husband failed to pay child support.

Trial Rule 60(B) states that a party may motion the trial court for relief if the judgment is void. Any request for relief from a void judgment must be filed "within a reasonable time." Tr. R. 60(B). Here, Former Wife waited approximately eighteen years and until after the parties' child had reached the age of majority to challenge the dissolution court's September 6, 1994 order. We cannot say that this challenge was brought "within a reasonable time." Even assuming that Former Wife's challenge could be construed as a claim that the dissolution court's September 6, 1994 order was void, we must conclude that Former Wife has waived any challenge to the dissolution court's September 6, 1994 order because she did not challenge the order "within a reasonable time."

Moreover, a valid appeal from a trial court order shall be filed within thirty days of the final judgment or the interlocutory order. Indiana Appellate Rule 9, 14. Here, Former Wife did not appeal the dissolution court's September 6, 1994 order within thirty days. Again, she waited approximately eighteen years and until after the parties' child had reached the age of majority to challenge the order. As such, we must conclude that Former Wife has waived any appellate challenge to the dissolution court's September 6, 1994 order.

Because Former Wife has waived any challenge to the validity of the dissolution court's September 6, 1994 order, we conclude that the trial court erred in considering the validity of the order and in determining that the dissolution court's September 6, 1994 order was void as against public policy and could not be enforced. As such, on appeal, we will not review the validity of this nearly twenty-year-old unchallenged order of the dissolution court. Rather, we will consider only whether the trial court erred in denying Former Husband's motion to set aside the judgment in light of the dissolution court's September 6, 1994 order.

To abate means to eliminate or nullify. *See* BLACK'S LAW DICTIONARY 3 (8th ed. 2004). The dissolution court's September 26, 1994 order explicitly stated that Former Husband's obligation to pay child support was abated effective August 12, 1994. Accordingly, Former Husband did not have any obligation to pay child support at any time after August 12, 1994. Because Former Husband had no obligation to pay child support at any time after August 12, 1994, we conclude that the trial court erred in entering a $128,104.00 judgment against Former Husband as a result of his alleged failure to pay child support.[2]

## II. Request for Appellate Attorney's Fees

We next turn to Former Husband's request for appellate attorney's fees. In pertinent part, Indiana Appellate Rule 66(E) provides that a court on review "may assess damages if an appeal ... is frivolous or in bad faith. Damages shall be in the Court's discretion and may

---

[2] Having concluded that the trial court erred in entering the $128,104.00 judgment against Former Husband in light of the dissolution court's September 6, 1994 order, we need not consider whether it was proper to enter judgment in favor of the parties' now-adult child instead of Former Wife.

include attorney's fees." In *Orr v. Turnco Mfg. Co.*, 512 N.E.2d 151, 152 (Ind. 1987), the Indiana Supreme Court noted, that an appellate court "must use extreme restraint" in exercising its discretionary power to award damages on appeal. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (internal quotation omitted).

Here, we cannot say that the instant appeal was permeated with meritlessness, bad faith, frivolity, harassment, or vexatiosness or was made for the purpose of delay. The instant appeal was brought by Former Husband, not Former Wife, and was necessary to overturn the trial court's erroneous judgment against Former Husband. As such, we deny Former Husband's request for appellate attorney's fees.

The judgment of the trial court is reversed and Appellant's request for appellate attorney's fees is denied.

BAILEY, J., MAY, J., concur.